IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Society of Lloyds,                     )
                                       )
                Plaintiff,             )   Case No. 1:04-CV-94
                                       )
        vs.                            )
                                       )
Stephen Arthur Dohme,                  )
 *et al.*,                             )
                                       )
                Defendants.            )


Memorandum and Order


        This matter is before the Court upon two motions:
Plaintiff's motion for summary judgment (Doc. 20) as it pertains
to remaining Defendants Dohme and Whitehouse and Defendant
Dohme's motion for summary judgment with respect to the
applicable conversion rate (Doc. 29).  Plaintiff seeks a judgment
recognizing and enforcing English money judgments it obtained
against Defendants.  Defendant Dohme asks the Court to declare
that the applicable conversion rate from pounds sterling to U.S.
dollars is 1.51.

        The parties have not identified genuine issues of
material fact.  Accordingly, the Court need not elaborate upon
the facts underlying their dispute.  Plaintiff obtained money
judgments against Defendants Dohme and Whitehouse in an English
court after they failed to pay as they were obligated
contractually to do.  The contract upon which Plaintiff sued in
England included a 1.51 dollars to pounds conversion rate for

certain payments by Defendants to Plaintiff. The English judgments did not specify a conversion rate.

In opposition to Plaintiff's well-supported motion for summary judgment, neither Defendant Dohme nor Defendant Whitehouse has argued that the English judgment against him is not subject to enforcement under the Uniform Foreign Money Judgments Recognition Act, adopted in Ohio as Ohio Revised Code ("O.R.C.") § 2329.90-2329.92 (the "Comity Act"). In his separate motion for summary judgment, Defendant Dohme argues that the applicable conversion rate ought to be that set forth in the contract underlying the English judgments. In opposition to Plaintiff's motion, Defendant Whitehouse adopts Defendant Dohme's conversion rate argument. On that basis, the two Defendants argue that Plaintiff is either not entitled to summary judgment because the issue of the applicable conversion rate is unresolved or entitled to judgment only in accordance with the 1.51 contractual conversion rate. The only evidence made pertinent by the parties' arguments, then, is the contract underlying the English judgments. No dispute surrounding that evidence exists, however, and the Court merely reiterates the position of both of the parties that the contract underlying the English judgments called for a specific conversion rate for certain payments and was silent as regards the conversion rate to be applied to any judgment obtained upon default by Defendants on their obligations under that contract. The English judgments themselves are silent as to conversion rate.

2

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The evidence presented on a motion for summary judgment is construed in the light most favorable to the non-moving party, who is given the benefit of all favorable inferences that can be drawn therefrom.  United States v. Diebold, Inc., 369 U.S. 654 (1962).  "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original).

The Court will not grant summary judgment unless it is clear that a trial is unnecessary.  The threshold inquiry to determine whether there is a need for trial is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Anderson, 477 U.S. at 250.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  Id.

The fact that the weight of the evidence favors the moving party does not authorize a court to grant summary judgment.  Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 472 (1962).  "[T]he issue of material fact required by Rule

3

56(c) . . . to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or a judge to resolve the parties' differing versions of the truth at trial." <u>First National Bank v. Cities Service Co.</u>, 391 U.S. 253, 288-89 (1968).

Moreover, although summary judgment must be used with extreme caution since it operates to deny a litigant his day in court, <u>Smith v. Hudson</u>, 600 F.2d 60, 63 (6th Cir.), <u>cert. dismissed</u>, 444 U.S. 986 (1979), the United States Supreme Court has stated that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327 (1986).  According to the Supreme Court, the standard for granting summary judgment mirrors the standard for a directed verdict, and thus summary judgment is appropriate if the moving party establishes that there is insufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  <u>Id.</u> at 323; <u>Anderson</u>, 477 U.S. at 250.

Accordingly, summary judgment is clearly proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at

4

trial." <u>Celotex Corp.</u>, 477 U.S. at 322. Significantly, the Supreme Court also instructs that the "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion" against a party who fails to make that showing with significantly probative evidence. <u>Id.</u>; <u>Anderson</u>, 477 U.S. at 250. Rule 56(e) requires the non-moving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." <u>Id.</u>

Further, there is no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or similar materials negating the opponent's claim. <u>Id.</u> Rule 56(a) and (b) provide that parties may move for summary judgment "with or without supporting affidavits." Accordingly, where the non-moving party will bear the burden of proof at trial on a dispositive issue, summary judgment may be appropriate based solely on the pleadings, depositions, answers to interrogatories, and admissions on file.

As the Court has observed, Defendants have not argued, or attempted to demonstrate through the introduction of evidence, that Plaintiff is not entitled to recognition of the English judgments it obtained against them under the Comity Act. The Court concludes that Plaintiff did obtain judgments in England against Defendants Dohme and Whitehouse and that those judgments are subject to recognition and enforcement by this Court.

The parties agree that the conversion rate generally applicable to a foreign judgment under Ohio law is that provided

in O.R.C. § 2337.01, *et seq.*  That conversion rate cannot be determined until payment is made, inasmuch as it is subject to daily fluctuation.  Accordingly, a judgment recognized and enforced by an Ohio court may be quantified in terms of the foreign currency in which it was obtained.  See O.R.C. §§ 2337.06(A), 2337.07(A), (B).

Defendants contend that the contractual conversion rate supplants the statutory rate in their cases and observe that O.R.C. § 2337.03(A) provides that "[t]he effects of sections 2337.01 to 2337.15 of the Revised Code may be varied by agreement of the parties made before or after commencement of an action or distribution proceeding or the entry of judgment."  They argue that the contractual dollars to pounds conversion rate varies the effects of the Ohio statute.

A careful review of the contract to which Defendants refer makes clear that the parties did not agree to alter Ohio law as it applies to a claim for enforcement and conversion of a foreign judgment.  The contract provided for the conversion of dollars to pounds for certain contractual payments.  The English judgments Plaintiff seeks to enforce in this action were entered after Defendants defaulted on their obligations to pay under those contracts.  Plaintiff's claims against Defendants in this action arise from the English judgments, not the contracts.  The parties simply did not agree to apply to any judgment obtained in a United States court a conversion rate different from that provided under the applicable state's law.  Defendants' argument

6

for application of the contractual conversion rate, therefore, not supported by the evidence upon which it is based. They are not entitled to summary judgment with respect to the applicable conversion rate, and Defendant Dohme's cross-motion for summary judgment (Doc. 29) is **DENIED** for that reason.

The Court having observed that Defendants do not oppose Plaintiff's motion for summary judgment enforcing its English judgments against them hereby **GRANTS** Plaintiff's motion for summary judgment (Doc. 20). The Court **RECOGNIZES** the English judgments in Plaintiff's favor against Defendant Dohme, in the amount of £266,134.92, and Defendant Whitehouse, in the amount of £253,053.96. Those amounts are to be converted from pounds sterling to dollars if paid in United States funds as of the last banking day prior to the date of payment. This action is **CLOSED**.

**IT IS SO ORDERED.**

_____/s/_____
Sandra S. Beckwith, Chief Judge
United States District Court